United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC MOTOR INN LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-06570-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Re: Dkt. No. 24 |

Plaintiff Scott Johnson brought this action against Defendants Pacific Motor Inn, LLC, La Luna Associates, LLC, and DOES 1-10, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53. In October 2019, the parties reached a partial settlement agreement on all issues except attorney's fees which the parties agreed to resolve by a motion. Plaintiff thereafter filed the now pending motion for attorneys' fees.[1] (Dkt. No. 24.) After careful consideration of the parties' briefing, the Court GRANTS IN PART Plaintiff's motion for attorneys' fees awarding a total of $7,837.50 in fees and costs.

**BACKGROUND**

Plaintiff is a level C-5 quadriplegic who requires the use of a wheelchair for mobility and owns a specially equipped van. (Dkt. No. 1 at ¶ 1.[2]) According to the Complaint, he visited La

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 11.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   Luna Inn located at 2599 Lombard Street, San Francisco, California, in June 2018 and again in
2   September 2018.  (*Id.* at ¶ 12.) During these visits, he encountered architectural barriers that
3   denied him full and equal access to the public accommodation in violation of the ADA and the
4   Unruh Act including barriers related to accessibility of parking stalls, height of transaction
5   counters, and availability of accessible rooms.  (*Id.* at ¶¶ 12-39.)

On October 29, 2018, Plaintiff filed his complaint in this Court, bringing claims under the ADA and the Unruh Act for statutory damages and injunctive relief.  (Dkt. No. 1.)  The complaint was served on January 8, 2019.  (Dkt. No. 8 at 2-3.)  Defendants contend that they investigated the allegations and "repaired the defects" by January 24, 2019.  (Dkt. No. 26 at 2.)  On that same date, Defendants requested that Plaintiff provide: (1) "proof that [he] had been to the Defendants' property on two occasions"; and (2) "a settlement demand to settle the case to limit attorney's fees."  (*Id.*)  In a January 29, 2019 email exchange between counsel, Defendants' counsel asked Plaintiff's counsel: "What are your attorney's fees to date on this case?"  (Dkt. No. 27, Ex. 2 at 1.)[3]

Plaintiff contends that Defendants conveyed a $4,000 settlement offer including attorney's fees and costs on February 8, 2019.  (Dkt. No. 27, Ex. 1 at 2, ¶ 4.)  On March 27, 2019, the parties reached an agreement regarding Plaintiff's injunctive relief claims.  (Dkt. No. 27 at 3; Dkt. No. 26 at 2.)  The parties filed a stipulation with proposed order to forego a joint site inspection under General Order 56 and notice of need for mediation on April 24, 2019.  (Dkt. No. 13.)  On May 16, 2019, Plaintiff made an all-inclusive settlement demand for $21,000 during discussions with Defendants.  (Dkt. No. 27, Ex. 1 at 2, ¶ 5.)   The parties negotiated back and forth over the following months and resolved the matter prior to their October 16, 2019 mediation with Plaintiff accepting Defendants' $8,000 settlement offer for statutory damages, and the parties agreeing to seek a contested motion for attorneys' fees and costs.  (Dkt. No. 22.)

Plaintiff filed the instant motion for attorney's fees on February 6, 2020.  (Dkt. No. 24.) Defendants' opposition brief does not dispute that Plaintiff is entitled to attorneys' fees and costs,

---

[3] Neither party has furnished an email reply to Defendants' request for attorney's fees.

2

but insists that Plaintiff is not entitled to any fees incurred after March 27, 2019, when the parties reached an agreement with respect to injunctive relief. Defendants contend that Plaintiff violated General Order 56 Section 6 which provides in part that "[i]f the parties reach a tentative agreement on injunctive relief, plaintiff shall forthwith provide defendant with a statement of costs and attorney's fees incurred to date, and make a demand for settlement of the case in its entirety (including any additional damages not included in the Rule 26(a) disclosures)." In particular, defense counsel attests that following the March 27 agreement, "[o]ver the next few months Plaintiff's counsel refused to provide the amount of its legal fees or its attorney's fee bills in order for the Defendants to make a reasonable settlement offer . . . ." (Dkt. No. 26, Ex. 1 at ¶ 7.) Plaintiff's counsel Mr. Price attests that "[t]he only request for a statement of attorney's fees occurred prior to filing the answer in this matter." (Dkt. No. 27-1 at ¶ 2.) The Court requested supplemental declarations to address this factual dispute.

Defense counsel has since filed a supplemental declaration attesting that he made an oral request for plaintiff's counsel's attorney's fees during a pre-mediation call on July 2, 2019. (Dkt. No. 31-1 at ¶ 2.) Plaintiff's counsel attests that she has no memory of such a request and did not document such a request in her contemporaneous written notes of the call. (Dkt. No. 33-9 at ¶¶ 5-6.) In addition, Plaintiff's counsel attests that their firm practice is to view the use of the word "should" in the prior version of General Order 56 (which was in effect at the time) as discretionary not mandatory, and that it is their firm's practice to not provide detailed billing records while there are matters—such as statutory damages—still pending between the parties. (Dkt. No. 33 at 2-3.)

**DISCUSSION**

The ADA gives courts the discretion to award attorney's fees, including litigation expenses and costs, to prevailing parties. *Molski v. M.J. Cable, I*nc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12205). Similarly, the Unruh Act provides for an award of fees "as may be determined by the court." Cal. Civ. Code § 52(b)(3).

To calculate an award of attorneys' fees, district courts apply "the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc*., 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S.

3

424, 433 (1983)). The party requesting fees also bears "the burden of submitting billing records to establish that the number of hours" requested are reasonable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The number of hours should not exceed the number of hours reasonably competent counsel would bill for similar services. *Hensley*, 461 U.S. at 434. Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 433-34).

The Ninth Circuit has identified several factors courts should consider in determining the reasonableness of the number of hours expended and the hourly rate charged, including: (1) the "experience, reputation, and ability of the attorney"; (2) "the outcome of the results of the proceedings"; (3) "the customary fees"; and (4) "the novelty or the difficulty of the question presented." *Chalmers*, 796 F.2d at 1211 (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)). In addition, a court has discretion to reduce a fee award where the plaintiff unreasonably protracted litigation. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) ("the court may consider whether Plaintiff protracted the litigation in deciding whether to reduce fees").

### A. Plaintiff's Request for Attorneys' Fees

Plaintiff seeks $13,267 in attorneys' fees and costs. That amount includes: (1) $12,367 in fees incurred for 25.4 hours of work in bringing the complaint, engaging in subsequent negotiations with Defendants, and in bringing this motion for attorney's fees; and (2) $900 in costs. Defendants contend that Plaintiff is only entitled to his fees and costs through March 27, 2019 which total $4,767.

#### 1. Reasonable Hourly Rate

Defendants do not challenge Plaintiff's hourly rates, but the Court must assure itself that the requested hourly rate is reasonable. *See Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018). A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (internal quotation

4

marks and citation omitted). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal quotation marks and citation omitted).

Plaintiff seeks the following rates for the seven attorneys that worked on this case: Mark Potter $650/hour, Dennis Price $500/hour, Chris Carson $500/hour, Amanda Seabock $500/hour, Bradley Smith $410/hour, Prathima Price $410/hour, and Farrell Goodman $410/hour. The hourly rates are supported by the declaration of Mr. Potter which includes a description of the attorneys' qualifications and experience, as well as a billing statement for work performed in this case. (Dkt. No. 24-2.) Mr. Potter's declaration also attaches the Declaration of John O'Connor, who identifies himself as an attorney's fees expert, which was submitted in another matter, and attests that the aforementioned rates are reasonable. (Dkt. No. 24-4 at ¶ 27.) Mr. O'Connor notes that these rates were approved in *Love v. Rivendell II*, No. 3:18-cv-03907-JST (EDL), Dkt. No. 30 (March 18, 2019).

Several courts within the Northern District, however, have distinguished *Rivendell II* and declined to award fees at these hourly rates. In particular, in *Johnson v. AutoZone, Inc.*, No. 17-CV-02941-PJH, 2019 WL 2288111 (N.D. Cal. May 29, 2019), the court explained that "that lone order granting an unopposed motion does not accurately reflect the prevailing rate in the community for work similar to this case." *Id.* at *6 n.4. Instead, "that order cited cases that concerned work substantially different from the work performed in this action," including complex class actions. The *Johnson* court went on to award hourly rates of $425/hour for partner level attorneys (such as Mr. Handy), $300/hour for mid-level attorneys (such as Mr. Price, Mr. Carson, and Ms. Seabock), and $250/hour for more junior level attorneys (such as Mr. Smith). This is consistent with the rates recently awarded to attorneys from Plaintiff's counsel's firm. *See, e.g., Johnson v. Johnson*, No. 17-CV-04840-SVK, 2020 WL 901517, at *6 (N.D. Cal. Feb. 25, 2020) (finding that "an hourly rate of $475 is appropriate for Mr. Potter and Mr. Handy" and "an hourly rate $450 is appropriate for Ms. Grace."); *Johnson v. Express Auto Clinic, Inc.*, No. 18-CV-

5

00464-KAW, 2019 WL 2996431, at *8 (N.D. Cal. July 9, 2019) ("award[ing] rates of $425 for Attorneys Potter, Handy, and Grace, and $350 for Attorneys Masanque and Price"). In *Johnson v. Shobeiri*, No. 18-CV-04816-VKD, 2019 WL 5458106, at *3-5 (N.D. Cal. Oct. 24, 2019), the court surveyed the hourly rates awarded to the same attorneys here and concluded that the following hourly rates were reasonable for work performed between June 2018 and July 2019 in a case "involving straight-forward application of the law, and which does not present novel or difficult issues requiring a high level of skill or specialization": "Mr. Potter ($475), Ms. Grace ($475), Mr. Price ($350), Ms. Carson ($350), Ms. Seabock ($350), and Ms. McAllister ($300)." *Id.* at *5.

The Court concludes that the hourly rates set forth in *Shobeiri* are appropriate here. Accordingly, the Court awards hourly rates as follows: Mark Potter $475/hour, Dennis Price $350/hour, Chris Carson $350/hour, Amanda Seabock $350/hour. For attorneys Bradley Smith, Prathima Price, and Farrell Goodman, Plaintiff has failed to cite any cases approving hourly rates for Ms. Price or Mr. Goodman of any amount (let alone the $410/hour sought) and Mr. Potter's declaration does not indicate their experience or that of Mr. Smith in disability law matters.[4] (Dkt. No. 24-2 at ¶¶ 9-11.) Thus, the Court will award $250/hour for these attorneys which is consistent with the rates they have been awarded in other cases. *See Gonzalez v. Machado*, No. 17-CV-02203-LB, 2019 WL 3017647, at *5 (N.D. Cal. July 10, 2019) (awarding $250/hour for attorneys Farrell Goodman and Prathima Reddy Price); *Johnson v. AutoZone, Inc.*, 2019 WL 2288111, at *7 (awarding $250/hour for Mr. Smith); *see also Johnson v. Hey Now Properties, LLC*, 2019 WL 586753, at *3 (E.D. Cal. Feb. 13, 2019) (awarding $150/hour for Mr. Smith after Plaintiff requested $200/hour).

### 2. Reasonable Hours

"[A] party seeking attorneys' fees bears the burden to "document[ ] the appropriate hours expended." *Hensley*, 461 U.S. at 437. "To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank,*

---

[4] Plaintiff attaches a single decision from the Central District of California that approved an hourly rate for Mr. Smith of $400, but that case simply approved the hourly rates sought without discussion. (Dkt. No. 24-5 (attaching *Estrada v. Mirlan, et al.*, No. 18-1892 JGB (KKx) (C.D. Cal. Nov. 26, 2019).)

6

*National Association*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers* 796 F.2d at 1210). "The party opposing fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees." *Rivera v. Portfolio Recovery Associates, LLC*, No. 13-2322 MEJ, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013). However, "[e]ven if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Id.* (quoting *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id.* at 433-34; *see also Chalmers*, 796 F.2d at 1210 ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").

Defendants only challenge to the reasonableness of the hours spent here is an argument that Plaintiff's attorneys' fees should cut off as of March 2019 because the parties should have been able to resolve the matter in full at that time but Plaintiff intended to "hide its attorney's fees in an effort to push the case to this motion" and increase the total amount of fees and costs. (Dkt. No. 26 at 5.) Plaintiff disputes this characterization and insists that Defendant never made a good faith offer to settle the matter following remediation of the access barriers and declined Plaintiff's May 16, 2019 offer to settle the matter. (Dkt. No. 27-1 at ¶¶ 4-6.)

The Court requested supplemental submissions in support of the parties' respective representations of the history of the negotiations, and in particular, Defendants' representation that "Plaintiff's counsel refused to provide the amount of its legal fees or its attorney's fee bills in order for the Defendants to make a reasonable settlement offer . . ." (Dkt. No. 26, Ex. 1 at ¶ 7), and Plaintiff's representation that "[t]he only request for a statement of attorney's fees occurred prior to filing the answer in this matter." (Dkt. No. 27-1 at ¶ 2.) In response, defense counsel submitted

a supplemental declaration attesting that he orally requested Plaintiff's attorneys' fees and costs on July 2 during a pre-mediation call. (Dkt. No. 31-1 at ¶ 2.) Plaintiff's counsel attests that she has no recollection of this request. (Dkt. No. 33-9 at ¶ 5.) In any event, given that when pushed defense counsel was only able to identify a single oral request in July 2019, the record does not support Defendant's original contention that following the March 27 agreement, "[o]ver the next few months Plaintiff's counsel refused to provide the amount of its legal fees or its attorney's fee bills in order for the Defendants to make a reasonable settlement offer . . . ." (Dkt. No. 26, Ex. 1 at ¶ 7). Therefore, the Court does not find that Plaintiff protracted the litigation and thus moves on to consider the reasonableness of the hours sought. *See Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) ("the court may consider whether Plaintiff protracted the litigation in deciding whether to reduce fees").

Plaintiff seeks $12,367 in attorneys' fees based on 25.4 hours of work. The Court has reviewed the reasonableness of hours billed and finds that they must be reduced on two grounds. First, the majority of the billing entries—60 of the 77 entries for a total of 7.6 hours—are in .1 or .2 increments. (Dkt. No. 24-3 at 2-6.) "Although a one-tenth hour timekeeping practice is generally reasonable and [a] careful review of filings should be encouraged, billing 0.1 hours for certain practices sometimes requires a reduction." *Jacobson v. Persolve, LLC*, No. 14-cv-00735-LHK, 2016 WL 7230873, at *10 (N.D. Cal. Dec. 14, 2016) (internal quotation marks omitted) (citing *Kalani v. Starbucks Corp.*, No. 13-cv-00734-LHK, 2016 WL 379623, at *8 (N.D. Cal. Feb 1, 2016)). In *Gonzalez v. Machado*, No. 17-CV-02203-LB, 2019 WL 3017647, at *6 (N.D. Cal. July 10, 2019), another Center for Disability Access case, the court identified 62 billing entries, mostly for 0.1 hours (and several for 0.2 or 0.3 hours), "for tasks that include telling an assistant to email a copy to the Center for Disability Access, reviewing the summons and the initial ADA scheduling order, reviewing the consent notice, and reviewing other administrative docket entries" and it reduced the time sought for these tasks by fifty percent. *See also Johnson v. Shobeiri*, No. 18-CV-04816-VKD, 2019 WL 5458106, at *7 (N.D. Cal. Oct. 24, 2019) (deducting time for "entries in which attorneys billed time, primarily in 0.1-hour increments, to 'instruct[ ] assistant[s]' to perform tasks, such as file or serve documents; send documents to the client or to

opposing counsel; and to call or otherwise communicate with the client or opposing counsel about scheduling and other matters" as non-recoverable clerical tasks).

The majority of the .1 and .2 billing entries here fall into the same categories—either counsel instructing an assistant to do something or counsel reviewing administrative docket entries. The Court therefore exercises its discretion to reduce the hours billed by Mr. Carson, Mr. Goodman, and Ms. Price—the individuals who predominantly billed in .1 and .2 increments—by twenty percent. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming the district court's twenty percent reduction for excessive hours billed in quarter-hour increments because "the district court was in the best position to determine in the first instance whether counsel's practice of billing by the quarter-hour resulted in a request for compensation for hours not reasonably expended on the litigation.").

Second, in his motion for attorneys' fees, Plaintiff sought 8 hours for "time to review opposition brief, draft the reply brief, attend oral argument." (Dkt. No. 24-3 at 6.) In his reply brief, counsel indicates that his review of the opposition brief took 1.5 hours and it took him another 4.1 hours to draft his reply. (Dkt. No. 27-1 at ¶¶ 8-9.) The Court vacated the hearing in this matter. The Court thus awards 5.6 hours at Mr. Price's $350 hourly rate as set forth above for preparing the reply.

### 3. Lodestar Amount

Multiplying the reasonable hourly rates and the hours reasonably expended, yields a lodestar amount of $6,937.50 as reflected in the following table:

| **Attorney** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| Mark Potter | $475 | 2.7 | 1282.50 |
| Dennis Price | $350 | 8.2 | 2870 |
| Chris Carson | $350 | 3.6 reduced by 20% = 2.9 | 1015 |
| Amanda Seabock | $350 | .2 | 70 |
| Bradley Smith | $250 | .9 | 225 |
| Prathima Price | $250 | 4.7 reduced by 20% = 3.8 | 950 |

9

| | | | |
|---|---|---|---|
| Farrell Goodman | $250 | 2.6 reduced by 20% = 2.1 | 525 |
| **Total:** | | 20.8 | $6,937.50 |

**4. Costs**

Defendants do not object to Plaintiff's request for $900 in costs which includes $100 for service, the $400 filing fee, and $400 for Plaintiff's pre-suit private investigator. (Dkt. No. 24-3.) The Court finds that these requests are supported by the record and recoverable here. *See* Civ. L.R. 54-3.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Plaintiff's motion for attorneys' fees, and awards Plaintiff $6,937.50 in attorneys' fees and $900 in costs, for a total award of $7,837.55.

This Order disposes of Dkt. No. 24.

**IT IS SO ORDERED.**

Dated: April 8, 2020

*Jacqueline Scott Corley*
JACQUELINE SCOTT CORLEY
United States Magistrate Judge